**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 22-cv-02237-RMR-JPO

GARY SALAZAR,

      Plaintiff,

v.

SHERIFF D. NAVARETTE,
CAPT. J. TRANCOSO,
SRG. TILLMAN,
NURSE CYNTHIA, and
NURSE LINDSY

      Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge James P. O'Hara entered on February 28, 2024, ECF No. 40, addressing Defendants Navarette, Trancoso, and Tillman's Motion to Dismiss, ECF No. 26. Magistrate Judge O'Hara recommends that the Defendants' motion be granted in part and denied in part. ECF No. 40.

Defendants Navarette, Trancoso, and Tillman (collectively, "Defendants") timely filed an Objection to the Recommendation. ECF No. 41. Plaintiff, proceeding pro se, also timely filed an Objection to the Recommendation. ECF No. 42. The Court has received and considered the Recommendation, the Objections, the record, and the pleadings. For the reasons stated below, the Court overrules the parties' Objections. Accordingly, the

Court adopts the Recommendation, and concludes that Defendants' Motion to Dismiss be GRANTED IN PART and DENIED IN PART.

## I.    LEGAL STANDARD

The Court is required to make a de novo determination of those portions of a magistrate judge's recommendation to which a specific, timely objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.   28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). When no proper objection is filed, "the court need only satisfy itself that there

is no clear error on the face of the record in order to accept the recommendation."[1] Fed. R. Civ. P. 72(b) advisory committee's note to 1993 amendment.

Where, as here, a party proceeds pro se, the Court "review[s] [his] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, a pro se party "must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'"). Thus, although courts "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority," "confusion of various legal theories," "poor syntax and sentence construction," or "unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## II.   BACKGROUND

The parties do not object to the factual or procedural background discussed in the Recommendation. Accordingly, the Court adopts and incorporates the factual and procedural background included within the Recommendation as if set forth herein, and restates the background only as necessary for this Order.

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b). *See, e.g.*, *Nat'l Jewish Health v. WebMD Health Servs. Grp., Inc.*, 305 F.R.D. 247, 249 n.1 (D. Colo. 2014) (Daniel, J.).

In the summer of 2021, Plaintiff Gary Salazar ("Plaintiff") was a pretrial detainee at the Las Animas County Detention Center. Plaintiff alleges that when he arrived at the jail he was placed in solitary confinement without being seen by medical staff or for a medical intake procedure. At the time of his detention, Plaintiff informed Defendant Tillman that he was injured and being treated for a torn shoulder. He requested medical care for his shoulder injury multiple times, but each request was denied.  Plaintiff also alleges he was placed in solitary confinement for a minor rule infraction without quasi-judicial review. While in solitary confinement, Plaintiff alleges he received different food than the general inmate population, was not given any writing materials, and was told by Defendants Navarette and Trancoso that he could not send mail.

Soon after these events, Plaintiff filed the instant action. Plaintiff filed the operative Amended Complaint (the "Complaint") on November 9, 2022. The Complaint asserts federal claims under 42 U.S.C. § 1983 for (1) denial of medical treatment[2]; (2) violation of due process rights; (3) infliction of cruel and unusual punishment; and (4) violation of First Amendment. Plaintiff brings these claims against all defendants in both their individual and official capacities.

---

[2] Because he was a pretrial detainee when the alleged events occurred, Plaintiff's claim for denial of medical treatment is evaluated under Due Process Clause of the Fourteenth Amendment.  *Barrie v. Grand Cty.*, 119 F.3d 862, 868 (10th Cir. 1997) ("Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded convicted inmates under the Eighth Amendment.").

**III.     ANALYSIS**

**A.     Defendants' Objections**

Defendants object to the Recommendation to the extent it concluded: "(1) Plaintiff exhausted administrative remedies, (2) the Complaint contained sufficient allegations of deliberate indifference as to Defendant Tillman, and (3) Defendant Tillman was not entitled to qualified immunity from Claim I." ECF No. 41 at 1.

**1.     Exhaustion of Administrative Remedies**

Defendants first object to Magistrate Judge O'Hara's determination that Plaintiff has adequately alleged exhaustion of administrative remedies. Magistrate Judge O'Hara concluded "Plaintiff has adequately alleged exhaustion" because he "alleges that he submitted grievances that went unanswered." ECF No. 40 at 8. Defendants concede that Plaintiff alleges he submitted grievances that went unanswered, but argue Magistrate Judge O'Hara erred by failing to consider the administrative materials and declaration submitted with Defendants' motion and reply.  ECF No. 41 at 3. If he had, Defendants argue, it would be clear that Plaintiff has not exhausted his administrative remedies. *Id.*

The Recommendation explains that Magistrate Judge O'Hara would not convert the motion to dismiss into a motion for summary judgment and therefore would not consider materials outside the pleadings. ECF No. 40 at 4-5. Magistrate Judge O'Hara reasoned "Plaintiff was not given notice that the Court might convert Defendants' Motion, and the Court declines to do so now." *Id.* at 5. Accordingly, Magistrate Judge O'Hara did not consider the exhibits attached to Defendants' Motion or Defendants' argument that

5

they are entitled to summary judgment in their favor based on Plaintiff's alleged failure to exhaust his administrative remedies. *Id.*

"[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings," *Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998), and the Court finds no error with the Magistrate Judge's decision not to accept materials beyond the pleadings in this case. As the Magistrate Judge recognized, prior to converting a motion to dismiss to a motion for summary judgment, the trial court must "give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000) (citing *Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir.1995)). No notice was given, and the Court agrees with the Magistrate Judge's decision not to consider the materials outside the pleadings at this stage.[3] *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991) ("Reversible error may occur . . . if the district court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment.").

---

[3] In their motion, Defendants asked the Court to convert the motion to dismiss to one for summary judgment to consider materials outside the pleadings. ECF No. 26 at 2-3, 6-7. Defendants' Objection raises the new argument that the Court may consider the materials outside the pleadings without converting the motion to one for summary judgment. ECF No. 41 at 3. The Court declines to consider Defendants' novel argument. *See Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112, 1125 (D. Colo. 2019) ("Parties may not raise in their objections any novel arguments that they did not raise before the magistrate judge. Such arguments are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

Having reviewed the Complaint and accepting Plaintiff's allegations as true, the Court agrees with the Recommendation that Plaintiff has adequately alleged exhaustion of administrative remedies.

### 2.   Defendant Tillman

Defendants next argue Magistrate Judge O'Hara erred in finding sufficient allegations to support a claim for deliberate indifference against Defendant Tillman because "nowhere does the Complaint allege Defendant Tillman was told Plaintiff was suffering from *considerable* or 'excruciating' pain, much less that Defendant Tillman actually drew such an inference." ECF No. 41 at 5 (emphasis in original). The Court disagrees.

To state a claim for inadequate medical attention, the plaintiff must show "deliberate indifference to serious medical needs." *Estate of Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Deliberate indifference" involves both an objective and subjective component. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). To establish the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires Plaintiff to establish that an "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mata*

*v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (alteration in original) (quoting *Farmer*, 511 U.S. at 837).

As to the objective component, the Court notes (as did the Magistrate Judge) that Defendants do not dispute that Plaintiff sufficiently alleges a serious medical condition. *See* ECF No. 26 at 9 ("Plaintiff has arguably plausibly alleged the objective component of his claim."). Thus, for purposes of the Motion, the Court accepts as true that Plaintiff's injury was "sufficiently serious," and only the subjective component is at issue here.

Taking the current allegations as true and viewing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged sufficient facts to survive a motion to dismiss with respect to the subjective component of his deliberate indifference claim against Defendant Tillman. At this stage in the proceedings, Plaintiff need not prove the allegations in his complaint. *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1207 (10th Cir. 2022) ("At the motion to dismiss stage, [the Court is] tasked with assessing plausibility, not proof."). He must only allege facts that state a non-speculative claim for relief and provide the Defendants with notice of the actual grounds of the claim(s) against them. *See Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (Well-pleaded claims may proceed even if "actual proof of [the alleged] facts is improbable.") (quotation omitted). Here, Plaintiff alleges he told Defendant Tillman he needed to see medical so he could get his medication because he tore his left shoulder and was being treated for the injury, but Defendant Tillman denied that request. ECF No. 11 at 4. Plaintiff further alleges he repeatedly complained to Defendant Tillman about his pain and need for medical care, but Defendant Tillman did nothing. *Id.* at 4-5. At this stage, these

allegations are sufficient to state a claim for deliberate indifference against Defendant Tillman. *See Lucas v. Turn Key Health Clinics, LLC*, 58 F.4th 1127, 1139 (10th Cir. 2023) ("doing nothing in the face of serious medical needs is obviously sufficient to state a claim"); *Medina v. Samuels*, No. 20-cv-01443-NYW, 2020 WL 7398772, at *6 (D. Colo. Dec. 17, 2020) (finding allegations were sufficient to allege deliberate indifference where the inmate's pain and discomfort were obvious to the defendant, but the defendant "did nothing to abate [her] continued complaints of pain and discomfort"); *Spradley v. LeFlore Cnty. Detention Center Pub. Trust Bd.*, 764 F. App'x 692, 701 (10th Cir. 2019) (A prisoner must plead that defendants "disregarded [the] risk, by failing to take reasonable measures to abate it.").

Defendants next argue that even if Plaintiff has sufficiently alleged deliberate indifference against Defendant Tillman, he is entitled to qualified immunity on that claim because the violative nature of Defendant Tillman's conduct was not clearly established. ECF No. 41 at 6. Defendants object to Magistrate Judge O'Hara conclusion that "at the time Tillman denied and delayed Plaintiff treatment, the law was clearly established 'that the actions of prison officials who prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment, constitute deliberate indifference.'" ECF No. 40 at 15-16. Defendants dispute the Magistrate Judge's framing of the constitutional right at issue. They contend the relevant question is whether it is clearly established that a jail official violates the Constitution when he "prevent[s] the administrative of an over-the-counter pain medication despite an inmate's generalized verbal complaints of 'pain' with no other symptoms." ECF No. 41 at 7.

Defendants' argument mischaracterizes Plaintiff's allegations. Plaintiff does not allege he generally complained of pain and was denied over-the-counter pain medication. He alleges he had excruciating shoulder pain, repeatedly requested medical attention due to his torn left shoulder, and was denied medical treatment. ECF No. 11 at 4-5. And although the case law cited by the Magistrate Judge may not be factually identical to the circumstances here, a plaintiff need not provide case law that is factually identical to its case if the constitutional violation is "obviously egregious . . . in light of prevailing constitutional principles." A.*M. v. Holmes*, 830 F.3d 1123, 1135-36 (10th Cir. 2016). Here, in light of the prevailing constitutional principles outlined in the Recommendation, a reasonable official in Defendant Tillman's position would have known that his actions violated Plaintiff's constitutional rights. *See, e.g.*, *Est. of Carrigan v. Park Cty. Sherriff's Off.*, 381 F. Supp. 3d 1316, 1327 (D. Colo. 2019) (At bottom, "[t]he clearly-established inquiry focuses on whether the contours of the constitutional right were so well-settled in the context of the particular circumstances that a 'reasonable official would have understood that what he is doing violates that right.' ") (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012)); *Est. of Kowalski v. Shrader*, No. 21-cv-00827-NYW, 2022 WL 19422, at *12 (D. Colo. Jan. 3, 2022) ("While the court must not define a constitutional right too generally, . . . it must also take care to not define the constitutional right too narrowly."). Thus, the Court finds that Magistrate Judge O'Hara defined the constitutional right at issue at the appropriate level of specificity. For the reasons stated in the Recommendation, Defendant Tillman is not entitled to qualified immunity. *See* ECF No. 40 at 15-17.

**B.      Plaintiff's Objections**

Plaintiff first objects to the Magistrate Judge's determination that Defendant Navarette and Defendant Trancoso are entitled to qualified immunity on Plaintiff's claim for denial of medical treatment. Magistrate Judge O'Hara found that "[a]s for Defendant Navarette, Plaintiff does not allege that he was involved in any way in the alleged denial of medical treatment" and "[a]s for Defendant Trancoso, Plaintiff alleges that Trancoso denied him an initial medical screening because he was at the jail on a writ from the Department of Corrections [#11 at 7], but Plaintiff does not allege any facts that show Trancoso was aware of Plaintiff's medical condition. Therefore, Trancoso could not have 'consciously disregard[ed] a substantial risk of serious harm.'" ECF No. 40 at 13.

Plaintiff's objection simply reasserts the same allegations against Defendant Trancoso and makes the bald assertion that "[i]f in fact it is the jail's policy to not properly process people on writs than Sheriff D. Navarette is culpable as well." ECF No. 42 at 1. Plaintiff's assertions do not overcome the Recommendation's well-reasoned conclusion that Defendant Trancoso and Defendant Navarette are entitled to qualified immunity on Plaintiff's claim for denial of medical treatment. Accordingly, the Court overrules Plaintiff's objection.

Second, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to state a claim for municipal liability. In reaching his conclusion, Magistrate Judge O'Hara found the Complaint "devoid of any factual assertions that Plaintiff's constitutional rights were violated as a direct result of any policy, custom, widespread practice, or insufficient training." ECF No. 40 at 23-24.

Plaintiff's objection raises new (albeit conclusory) allegations that "it is the policy of the county jail that inflicted the injury on me" and "it will be clear that it was the county jail's policy to not let people in solitary write anyone, so therefore that direct link between the policies is what caused the violation." ECF No. 42 at 2. However, even if the Court were to consider Plaintiff's new and conclusory allegations, an objection to a magistrate judge's recommendation is neither a timely nor proper filing in which to amend—or move to amend—the allegations in the operative complaint. *See, e.g.*, *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waive."); *Wilson v. Johnson*, No. 19-cv-2279-CMA-NRN, 2020 WL 5815915, at *5 (D. Colo. Sept. 30, 2020) (It is "well established that Plaintiff may not amend his Complaint by adding factual allegations in response to Defendants' Motion to Dismiss or through objections to the Recommendation of a Magistrate Judge."); *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995)) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint); *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206–07 (D. Colo. 2015) (Moore, J.) ("Plaintiff . . . cannot amend [the] complaint by adding factual allegations in response to Defendant's motion to dismiss."). Accordingly, the Court declines to consider factual allegations raised for the first time in Plaintiff's Objection and adopts the Recommendation's conclusion that the Complaint fails to state a claim for official capacity liability.

## IV.    CONCLUSION

For the reasons stated herein, Defendants' Objection to the Recommendation, ECF No. 41, and Plaintiff's Objection to the Recommendation, ECF No. 42, are **OVERRULED**. Accordingly, the Court **ORDERS:**

1. The Magistrate Judge's Recommendation, ECF No. 40, is **ACCEPTED** and **ADOPTED**;

2. The Defendant's Motion to Dismiss, ECF No. 26, is **DENIED** to the extent it seeks to dismiss Claim I against Defendant Tillman in his individual capacity and Claim IV against Defendants Navarette and Trancoso in their individual capacities, but the Motion is otherwise **GRANTED;**

3. Claims I and II are **DISMISSED WITH PREJUDICE** as to Defendants Navarette and Trancoso in their individual capacities;

4. Claim III is **DISMISSED WITH PREJUDICE** as to Defendants Navarette, Trancoso, and Tillman in their individual capacities;

5. Claim IV is **DISMISSED WITH PREJUDICE** as to Defendant Tillman in his individual capacity;

6. All claims against Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE**.

DATED:  March 22, 2024

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge